# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

ASHLEY WILLIAMS,
    Plaintiff,

vs.

CREDIT BUREAU SYSTEMS, INC.
    Defendant.

Civil Action No.: 3:20-cv-554
Judge Campbell/Frensley

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Summary Judgment filed by Defendant Credit Bureau Systems, Inc. ("CBS"). Docket No. 22. The Plaintiff has not filed a Response to the Defendant's motion. For the reasons stated herein, the undersigned recommends that this action be **DISMISSED, WITHOUT PREJUDICE,** and that the Defendant motion be **DENIED** as moot.

## BACKGROUND

This is an action brought by the Plaintiff against CBS, alleging violation of the Fair Debt Collections Practices Act. Docket No. 1. The Complaint alleges that a consumer debt was reported by CBS on her credit report which she claims is disputed and that CBS failed to report that the account was disputed, in violation of 15 U. S. C § 1692(e)(8). *Id.*

The Plaintiff was originally represented by counsel in this matter. However, after counsel was allowed to withdraw, the Plaintiff did not secure substitute counsel nor did she notify the Court of her intention to proceed pro se as required by the Court's Order. Docket No. 20. The Defendant thereafter filed the instant motion for summary judgment (Docket No. 22) which was referred to the undersigned for report and recommendation (Docket No. 23).

The Defendant attempted to serve written discovery requests on the Plaintiff by certified mail following the withdrawal of counsel. Docket No. 26. The documents were returned with a notification including a forwarding address. *Id.* Defendants again attempted to serve the written discovery at the updated address provided by the postal service, however, the documents were again returned as "undeliverable and unable to forward." *Id.* The Plaintiff has not updated her address with the Court.

Plaintiff did not respond to the Motion for Summary Judgment within the time allowed in the rules and the Court entered a show cause order directing the Plaintiff to respond to the pending motion and specifically warning the Plaintiff that her failure to respond to the Court's Order may lead to a recommendation that her claims be dismissed. Docket No. 25. Plaintiff has not responded to the Motion For Summary Judgment or the Court's Show Cause Order.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736

2

Case 3:20-cv-00554    Document 27    Filed 05/12/21    Page 2 of 9 PageID #: 122

(*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief."

3

*Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

### B. The Case at Bar

The Defendant filed the instant motion for summary judgment on March 1, 2021. Docket No. 22. The Defendant has filed a notice with the Court outlining the lengthy history of the Plaintiff's failure to comply with the Federal Rules of Civil Procedure, Local Rules of Court and this Court's Orders. Docket No. 26. They also note that the Plaintiff has changed addresses, apparently more than once, and has failed to notify the Court or counsel. *Id.* At this point, the Plaintiff has not provided responses to the outstanding discovery requests nor has she responded to the pending motion for summary judgment or the Court's show cause order.

The undersigned finds that dismissal under Rule 41(b) Fed. R. Civ. P. is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders.

### 1. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*,

4

261 F. 3d at 591(6th Cir 2001)). Although there is no indication that the Plaintiffs' failure to file a response to the defendants' motion to dismiss by the extended deadline was driven by bad faith, they are still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), report and recommendation adopted by 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, failed to keep the court and defense counsel aware of her change of address, and had failed to respond to the court's show-cause order). Plaintiff's conduct in this case shows a pattern representing a complete abandonment of this action. The procedural history shows numerous instances of the Plaintiff failing to comply with Court orders, Federal Rules of Civil Procedure and Local Rules of Court. As a result, this factor weighs in favor of dismissal.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any

5

lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F. 3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F. 3d at 740.

The Defendant filed an answered the Complaint on September 2, 2020 (Docket No. 8) and an Initial Case Management Order was entered in the case on September 15, 2020 (Docket No. 12). The Defendant thereafter served written discovery and following the withdrawal of counsel attempted to complete discovery with the Plaintiff in her pro se capacity. Docket No. 26. These steps are typical of any litigation and were not necessitated by delay on the part of the Plaintiff. *See Schafer*, 529 F. 3d at 739.

However, there is an indication that the Defendant wasted substantial time, money, or effort due to a lack of cooperation from Williams. Plaintiff's failure to update the Court or counsel as to her address resulted in Defendant making numerous efforts to serve written discovery authorized by the Federal Rules of Civil Procedure. Docket No. 26. The Defendant was unable to ever receive responses to written discovery, the Defendant filed a Motion for Summary Judgment on March 1, 2021(Docket No. 22) to which the Plaintiff failed to respond in the time allowed resulting in the issuance of a show cause order (Docket No. 25) to which she also did not respond.

The Plaintiff's failure to take any steps to advance the litigation or even advise the Court or counsel of her current address does prejudice the Defendant. All parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene. The failure of a party to respond to dispositive motions deprives the Court of that party's opposition,

reflects a lack of interest in the litigation and forces the Court to address matters without the benefit of the nonmoving party's advocacy. Failure of a party to respond to the Court's show cause order further shows a failure to advance the litigation as well as the disregard of the Federal Rules of Civil Procedure, Local Rules of Court and Orders of the Court. This likewise prejudices the moving party. Thus, this factor weighs in favor of dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (*quoting Stough*, 138 F. 3d at 615). Here, the Plaintiff was warned of her failure to cooperate in this litigation. Specifically, upon the Plaintiff's failure to respond to the instant motion, the Court entered a show cause order directing the Plaintiff to respond to the pending motion. Docket No. 25. In that Order, Plaintiff was specifically warned that her "failure to comply with this Order may result in a recommendation that her case be dismissed." This factor weighs in favor of dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n. 5; see also *Mulbah*, 261 F. 3d at 590–91. That is so even though the defendant has filed a motion asking the Court to dismiss this action. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion dismiss despite a sixty-day extension); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016)

7

(dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot).

This action was filed on June 27, 2020. Docket No. 1. The Plaintiff's counsel filed a motion to withdraw on December 1, 2020. Docket No. 17. In the time since then, the Plaintiff has taken no action to advance this litigation, has failed to respond to discovery requests by the Defendant, has failed to update her address with the Court and counsel and has failed to respond to the Defendant's dispositive motion and the court's orders. Based on Plaintiff's continued and repeated failures to prosecute this action and comply with this Court's orders, dismissal is appropriate. However, the undersigned does not recommend that this matter be dismissed with prejudice.

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh" sanction. Plaintiff has been given every opportunity to participate in this litigation and has chosen not to do so. The Plaintiff has been given ample opportunity to cure the defects and specifically advised that her failure to cooperate and comply with the Court's orders could lead to dismissal. No further less drastic sanction would be appropriate in this case.

For the foregoing reasons, the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** and that the Defendant's Motion for Summary Judgment (Docket No. 22) be **DENIED** as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas*

*v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**